IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MAISHA MONROE,                    )
                                  )
        Plaintiff,                )
                                  )
    v.                            )    1:15CV580
                                  )
GUILFORD COUNTY                   )
DISTRICT COURT,                   )
                                  )
        Defendant.                )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed IFP (Docket Entry 1) in conjunction with her[1] pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**LEGAL BACKGROUND**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th

---

[1] The Complaint alternatively refers to Plaintiff as both male and female (compare Docket Entry 2, ¶ 7 ("Plaintiff obtained her consumer credit reports . . . ."), with id., ¶ 19 ("At no time did Plaintiff give his consent . . . .")), for ease of reference, the undersigned will refer to Plaintiff as "her."

Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).

A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true
2

Case 1:15-cv-00580-TDS-LPA   Document 4   Filed 08/13/15   Page 2 of 6

all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[2]

## ANALYSIS

Here, Plaintiff alleges that Defendant twice willfully and impermissibly obtained Plaintiff's credit report in violation of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. 1681n. (See Docket Entry 2.)[3] In order to state a willful acquisition of a credit report claim, a plaintiff must allege: "(i) there was a consumer report[,] (ii) the defendant used or obtained it, (iii) the defendants did so without a permissible statutory purpose, and (iv) the defendants acted with the specified culpable mental state." Benzing v. Tharrington-Smith, LLP, No. 5:10-CV-533-F, 2012 WL 169946, at *3 (E.D.N.C. Jan. 19, 2012) (unpublished); see also King v. Equable Ascent Fin., LLC, No. 1:12-CV-443, 2013 WL 2474377,

---

[2] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

[3] Plaintiff has not clearly identified when Defendant obtained Plaintiff's credit report. In that regard, Plaintiff states that she noticed Defendant obtained her credit report in November of 2009 (Docket Entry 2, ¶ 8), November of 2014 (id., ¶ 9), and on 10, 2013 (id., ¶ 27). However, the inconsistency in dates does not effect the undersigned's analysis and ultimate recommendation of dismissal.

3

at *2 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.) (quoting Benzing, No. 5:10-CV-533-F, at *3). "[I]n order to survive a motion to dismiss, the plaintiff's complaint must allege specific facts as to the defendant's mental state when the defendant accessed the plaintiff's credit report. Merely stating that the violation was 'willful' or 'negligent' is insufficient." Braun v. Client Servs. Inc., 14 F. Supp. 3d 391, 397 (S.D.N.Y. 2014) (collecting cases).

In Braun, a district court for the Southern District of New York dismissed a plaintiff's claim that a defendant willfully and impermissibly obtained the plaintiff's credit report. Id. at 401. In that case, Plaintiff alleged "Defendant willfully, intentionally, [and/or] recklessly . . . violated the provisions of the FCRA by using false pretenses or knowingly in obtaining . . . Plaintiff's consumer credit report without a permissible purpose . . . ." Id. at 398 (internal quotation marks omitted and alteration in original). The court found that plaintiff's allegations of willfulness qualified as conclusory and the plaintiff had only provided "a formulaic recitation of the elements of a cause of action." Id. The court reasoned that plaintiff had failed to allege sufficient facts to demonstrate that the defendant knew it did not have a permissible purpose in obtaining the credit report. Id.

Here, Plaintiff has similarly failed to allege sufficient facts to demonstrate that Defendant willfully violated the statute. Although Plaintiff makes factual allegations tending to show that Defendant did not have a permissible purpose for obtaining Plaintiff's credit report (see Docket Entry 2, ¶¶ 16, 19), Plaintiff failed to make factual allegations supporting her claim of willfulness. Plaintiff only makes a conclusory allegation that Defendant willfully violated the statute. (See Docket Entry 2, ¶ 20 ("The actions of Defendant obtaining the consumer credit report of [] Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA . . . .")). Thus, "Defendant['s] conduct could just as likely have been unintentional and so [Plaintiff] has failed to state a claim under Section 1681n." Farkash v. RJM Acquisitions Funding, Inc., Nos. 12-CV-735, et al., 2012 WL 1948643, at *2 (S.D.N.Y. May 29, 2012) (unpublished). Because Plaintiff has failed to provide sufficient factual allegations to establish a willful violation of the FCRA, the Court should dismiss her case.

## CONCLUSION

Plaintiff has demonstrated eligibility for proceeding in forma pauperis; however, the Court should dismiss her Complaint under § 1915(e)(2)(B) for failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed <u>In Forma Pauperis</u> (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 13, 2015